43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony FRIAS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3531.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1994.
 
 Before RICH, MICHEL, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Anthony Frias petitions for review of a decision[1] of the Merit Systems Protection Board (Board) deciding that the United States Postal Service (agency) is in compliance with a prior final decision[2] of the Board and dismissing Mr. Frias's appeals (Docket Nos. NY-0752-91-0491-X-1 and NY-0752-91-0492-X-1). In the appealed decision,[3] the Board dismissed as moot Mr. Frias's petition for enforcement of the 17 June 1993 decision[4] of the Board, which affirmed a 7 July 1992 initial decision. We affirm.
 
 DISCUSSION
 A.
 
 2
 The line of cases leading to the instant petition began when the agency initiated suspension and removal actions against Mr. Frias for allegedly removing letters from the mail stream. Mr. Frias appealed these suspension and removal actions. Because the agency did not give him notice of his appeal rights, it advised the administrative judge (AJ) that it intended to rescind the actions and return Mr. Frias to duty. The agency thus requested the AJ to dismiss the appeals. In response, Mr. Frias submitted a document entitled, "Appellant['s] Response to Agency Motion to Dismiss" (Response). This Response is dated 2 May 1992. In the Response, Mr. Frias " 'agreed that the regulations on back pay cited in Section 436 of the USPS Employee and Labor Relations Manual (E & LRM), would be controlling in determining the extent of appellant's entitlement to back pay and benefits for the actions rescinded.' "[5] He also agreed that his entitlement to back pay and benefits " 'would terminate on April 8, 1992,' "[6] in consideration of certain delays for which he was responsible. Since Mr. Frias, in his Response, agreed with the agency's request and consented to divestiture of the Board's jurisdiction, the AJ dismissed the appeals in an initial decision dated 7 July 1992.
 
 
 3
 Later, the agency initiated new suspension and removal actions against Mr. Frias based upon the same alleged activity. Mr. Frias then filed a petition for review (PFR) of the 7 July 1992 initial decision dismissing his appeals of the prior suspension and removal actions.[7] He contended that the agency had not actually rescinded the suspension action and that the agency lacked legal authority to institute a new removal action based on the same alleged misconduct that was the subject of the rescinded removal action. He also sought withdrawal of his consent to divestiture of Board jurisdiction. After the period set by the Board for submission of evidence on whether the suspension action had in fact been rescinded, Mr. Frias filed two additional submissions in which he argued that the agency violated its duty to restore him to the status quo ante by reducing his back pay award by the amount of his earnings, by failing to pay interest on his back pay award, and by failing to include the period from 9 April through 13 May 1992, in the back pay period.
 
 
 4
 The Board denied the PFR because the petition did not meet the criteria for review set forth at 5 C.F.R. Sec. 1201.115, but reopened the case on its own motion.[8] After reopening the case, the Board held that (1) Mr. Frias did not show that evidence and argument he submitted after the close of the record on review was not readily available before the record closed[9]; (2) the evidence indicated that the agency had taken appropriate administrative action to rescind the adverse actions[10]; and (3) the agency was not precluded from initiating the second removal action based on the same allegations of misconduct. The Board also dismissed Mr. Frias's appeals. Mr. Frias appealed the Board's decision to the Federal Circuit. In a non-precedential decision, we agreed that the Board should not have considered Mr. Frias's belated arguments on interest and the offset of the back pay award and the back pay period.[11] We also affirmed the Board's decision that Mr. Frias had agreed that the back pay period would terminate on 8 April 1992.
 
 
 5
 Mr. Frias then filed a petition for enforcement (PFE) in which he argued, inter alia, that the back pay period should have included the period from 9 April through 13 May 1992; that the agency erroneously processed his back pay award pursuant to the E & LRM and reduced his award by his interim earnings and did not include interest on the award; and that the agency failed to submit documentation to show how it arrived at the back pay amount. The appellant also argued that the agency, by not identifying the agency official responsible for compliance, should be subject to sanctions. The AJ held that Mr. Frias was barred by res judicata from raising the same issues in his PFE that he had previously raised or previously could have raised in his PFR.[12] The Board therefore concluded that Mr. Frias was barred from raising the issues of the back pay period, interest on the back pay award, and the offset of interim earnings. The Board also determined that the agency was in compliance with the Board's final decision, but requested that the agency provide Mr. Frias with a copy of the documentation that explains how the agency arrived at the back pay amount and restored his benefits. In response to the request, the agency filed an explanation of how the back pay award was computed and submitted the various worksheets reflecting the data and computations. The Board thus dismissed Mr. Frias's PFE as moot.[13] In his instant petition, Mr. Frias seeks Federal Circuit review of the Board's final decision on his PFE.
 
 B.
 
 6
 Our review of Board decisions is defined and limited by statute. We must affirm the Board's decision unless it is:
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. Sec. 7703(c) (1988).
 
 
 11
 Mr. Frias asserts that the Board erred in its ruling that the cause of action involved in the instant PFE is the same as the cause of action in Mr. Frias's earlier PFR. According to Mr. Frias, in his PFE he is seeking an increased back pay award, and in the earlier PFR he was seeking reversal of the initial decision dismissing his appeals. Mr. Frias thus contends that he is not barred by res judicata from raising the same issues in his PFE that he previously raised in his PFR. Whether the causes of action are the same does not affect the result; it only affects the name by with it may be known.
 
 
 12
 Mr. Frias, in his 2 May 1992 Response, advised the Board that the E & LRM would control the determination of his back pay award, and he agreed that his back pay and benefits would terminate on 8 April 1992. He thereby concomitantly agreed to the offset of his pay period and to no interest on the award. According to his Response, Mr. Frias and the agency discussed these issues at their 2 April 1992 meeting and during their 8 April 1992 teleconference. Thus, rather than pursuing these issues before the Board, Mr. Frias elected to reach an agreement with the agency. The Board has now made findings thereon in reliance upon these prior agreements between Mr. Frias and the agency. Since he waived his opportunity to litigate these issues before the Board, he cannot now renege on the agreements in view of more recent Board decisions that he believes are more favorable to his position. The law is dynamic. The Board's later holdings in other cases, involving other parties, that, absent an agreement to the contrary, the Back Pay Act should govern similar calculations does not affect the result in this case. Parties cannot relitigate issues that they have previously resolved between themselves each time a new opinion comes out that supports a position more favorable to one of them.
 
 
 13
 Thus, Mr. Frias has no right to have these previously settled issues decided again in his latest appeals. This is true whether we label the result issue preclusion, claim preclusion, res judicata, collateral estoppel, or something else. Once a litigated claim or issue between two parties is settled, the parties will not be permitted to later relitigate that claim or issue.
 
 
 14
 We also find no error in the Board's decision that the agency has complied with the Board's prior orders.
 
 
 15
 We have carefully considered Mr. Frias's arguments, but he has failed to persuade us that the Board committed reversible error. We agree with the Board's decision that the agency is in compliance with the Board's prior final decision. We also agree with the Board's decision that Mr. Frias has no right to continue to litigate previously decided issues.
 
 
 16
 We therefore affirm.
 
 
 
 [1]
 Frias v. United States Postal Serv., 63 M.S.P.R. 276 (1994) [hereinafter Frias II ]
 
 
 [2]
 Frias v. United States Postal Serv., 57 M.S.P.R. 691, aff'd per curiam, 11 F.3d 1073 (Fed.Cir.1993) [hereinafter Frias I ]
 
 
 [3]
 Frias II, 63 M.S.P.R. 276
 
 
 [4]
 Frias I, 57 M.S.P.R. 691
 
 
 [5]
 Frias I, 57 M.S.P.R. at 695-96 n. 5 (quoting material from the last sentence of the third paragraph of the Response)
 
 
 [6]
 Id. at 697 (quoting material from the third sentence of the first full paragraph on page 2 of the Response)
 
 
 [7]
 Frias I, 57 M.S.P.R. 691
 
 
 [8]
 See id. at 693; Frias II, 63 M.S.P.R. at 278
 
 
 [9]
 Because the appellant did not make this showing, the Board did not consider the late submissions. Frias I, 57 M.S.P.R. at 695-96
 
 
 [10]
 The Board considered the agency's declaration under penalty of perjury and supporting documentation that it had taken steps to process Mr. Frias's claim for back pay for the period of his suspension and Mr. Frias's bare assertion that the agency had not rescinded the action and his lack of rebuttal to the specifics of the agency's evidence
 
 
 [11]
 Frias I, 11 F.3d 1073
 
 
 [12]
 Frias II, 63 M.S.P.R. at 279-81
 
 
 [13]
 Id. at 281